UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-mj-4016-O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID GREEN,

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on the Motion to Substitute Cosigner (DE# 10, 12/23/19) filed by the defendant. On December 20, 2019, the undersigned issued an order committing the defendant to the District of Maryland. See Commitment to Another District (DE# 8, 12/23/19). Section 3145 states in part that:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court-- . . . **the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.**

18 U.S.C. § 3145(a)(2) (emphasis added). The Eleventh Circuit has stated that "[t]he plain language of section 3145 dictates that the district court with original jurisdiction over the offense, i.e., the prosecuting district, . . . is the only proper one to review" an order pertaining to the release of a defendant. United States v. Torres, 86 F.3d 1029, 1031 (11th Cir. 1996) (government appealed magistrate judge's release order setting a corporate surety bond). In the instant case, the District of Maryland is the district court

with original jurisdiction and, as such, is the only Court which has jurisdiction to grant or deny the relief requested. Accordingly, it is

ORDERED AND ADJUDGED that the Motion to Substitute Cosigner (DE# 10, 12/23/19) is DISMISSED for lack of jurisdiction.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **6th** day of January, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE